# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID G. BARBER,
        Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
        Agency.

DOCKET NUMBER
PH-0752-13-5792-I-5

DATE: August 16, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Walton, Jr.</u>, Bear Creek, Pennsylvania, for the appellant.

<u>Ronald V. Santora</u>, Esquire, Forty Fort, Pennsylvania, for the appellant.

<u>Andrew Lynch</u>, Esquire and <u>James McTigue</u>, Esquire, Philadelphia,
   Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  The agency removed the appellant from his Customer Services Technician position on the charge of conduct unbecoming a Federal employee. *Barber v. Social Security Administration*, MSPB Docket No. PH-0752-13-5792-I-5, Appeal File (I-5 AF), Tab 11 at 100-08. The charge contained two specifications regarding the appellant's collection of Supplemental Security Income (SSI) benefits as the designated payee on behalf of his minor son. *Id.* at 92-93. Specification 1 claimed that the appellant failed to report to the SSI program that he had earnings from his employment with the agency from September 2008, until December 2010. *Id.* at 92. Specification 2 claimed that, during the same time period, the appellant continued to collect SSI benefits for his minor child while earning income from his employment with the agency, resulting in an overpayment in benefits. *Id.*

¶3  In April 2011, the agency's SSI office issued a notice of overpayment to the appellant. I-5 AF, Tab 21 at 39-44. The appellant requested reconsideration of

the determination, *id.* at 51-53, which was denied, *id.* at 54-56. He then requested a hearing. *Id.* at 64. Around the same time, the agency launched an investigation into the overpayment claim. I-5 AF, Tab 11 at 76-91. After the investigation concluded, the agency issued a notice of proposed removal to which the appellant responded. *Id.* at 92-99, 101. On August 1, 2013, the agency issued the final decision, sustaining both specifications of the charge and removing the appellant from his position. *Id* at 100-08. The appellant filed an appeal with the Board, arguing that, pursuant to his employment letter he received when he began employment with the agency, he reported his new income to the SSI program on September 17, 2008, by calling an 800 number, and therefore, he did not fail to report, as charged in specification 1, and had no reason to believe he was receiving an overpayment of benefits, as charged in specification 2. *Barber v. Social Security Administration*, MSPB Docket No. PH-0752-13-5792-I-1, Initial Appeal File, Tab 1 at 3.

¶4     After a hearing, the administrative judge issued an initial decision sustaining both specifications of the charge and upholding the removal. I-5 AF, Tab 32, Initial Decision (ID) at 11, 14. After providing a lengthy analysis of the appellant's credibility, the administrative judge found that the appellant's account of the alleged September 17, 2008 telephone call was not credible. ID at 7. He also found that the appellant had not done enough to meet the reporting requirements and likely knew or should have known he was receiving an improper windfall from the SSI benefits. ID at 8-11. After a full analysis, the administrative judge concluded that the agency met its burden regarding the charge, nexus, and penalty of removal. ID at 12-14. He also found that potential due process issues that arose during the deciding official's testimony were remedied by later testimony. ID at 14.

¶5     The appellant has filed a petition for review challenging the administrative judge's credibility findings and claiming that the agency violated his due process rights. Petition for Review (PFR) File, Tab 1 at 7-17. The agency has filed an

opposition to the appellant's petition, to which the appellant has replied. PFR File, Tabs 5-6. The Board also has accepted into the record an April 4, 2017 Notice of Decision from the Office of Disability Adjudication and Review (ODAR) regarding the appellant's challenges to the original SSI overpayment determination, and the agency has filed a response to the submission. PFR File, Tabs 7-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 Generally, an agency is required to prove its charges in an adverse action appeal by preponderant evidence. 5 U.S.C. § 7701(c)(1)(B). A charge of conduct unbecoming has no specific elements of proof; the agency establishes the charge by proving the appellant committed the acts alleged under this broad label. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). On review, the appellant challenges the administrative judge's credibility findings regarding his testimony about the alleged September 17, 2008 telephone call.[2] PFR File, Tab 1 at 7-10.

¶7 When an administrative judge has held a hearing and has made credibility determinations that were explicitly or implicitly based on the witness's demeanor while testifying, the Board must defer to those credibility determinations and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 15 (2016). Here, the administrative judge's credibility findings were comprehensive, well-analyzed, and appropriately based on the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). ID at 5 n.3, 7-11. He

---

[2] The appellant's argument relates solely to specification 1 of the charge. He does not appear to dispute that he received SSI payments for his minor child while earning income from his employment with the agency, resulting in an overpayment in benefits; rather, he claims that he properly reported his income as required by the agency and by the SSI program. ID at 5-6; PFR File, Tab 6 at 1.

discussed, in detail, internal inconsistencies in the appellant's own testimony and external inconsistencies between his testimony and other record evidence. ID at 7-8. The administrative judge also discussed the inherent improbability of the appellant's testimony by highlighting certain implausible facts that would have to be presumed if he were to credit the appellant's version of events. *Id.* Moreover, on at least two occasions, the administrative judge discussed the appellant's demeanor, noting that, upon certain lines of questioning, the appellant would become angry and evasive. ID at 8, 10. Because the administrative judge's credibility determinations were, in part, based explicitly on the appellant's demeanor at the hearing, we must defer to these findings absent "sufficiently sound" reasons. *See Haebe*, 288 F.3d at 1301; *see also Gardner*, 123 M.S.P.R. 647, ¶ 15.

¶8    Here, the appellant's assertions on review do not persuade us to encroach on the deference owed to the administrative judge's credibility determinations. The appellant asserts that his Verizon telephone record, which was submitted at the hearing, should be sufficient evidence to substantiate his claim that he properly reported his income during the September 17, 2008 telephone call. PFR File, Tab 1 at 7; I-5 AF, Tab 11 at 73-74. The appellant also asserts that it was this document alone that formed the basis of the U.S. Attorney's Office's decision to decline Federal prosecution on the matter. PFR File, Tab 1 at 7. However, the administrative judge gave this evidence due consideration and weighed it against other factors determinative of credibility before reaching an ultimate conclusion on the appellant's credibility. ID at 7-8. We find that the appellant has not provided a sufficiently sound reason to disturb the administrative judge's credibility determinations, and without any such reason, those determinations will not be disturbed.[3]

---

[3] Although the ODAR administrative law judge found that the September 17, 2008 phone call occurred and that the appellant reported his earnings during the call, we are not bound by those findings and conclusions. PFR File, Tab 7 at 9; *see Nash v. Office*

¶9    The appellant also argues on review that the agency violated his due process rights. First, he argues that the agency removed him from his position prior to the completion of his overpayment case with the SSI program. PFR File, Tab 1 at 10. While this assertion is true, the agency's removal case was not dependent upon the outcome of the overpayment case. Neither specification of the charge against the appellant claimed any specific amount of overpayment. Rather, the agency charged him with failing to report his income and, thus, receiving an overpayment of SSI benefits. I-5 AF, Tab 11 at 92.[4] Along with providing the appellant with the opportunity to respond, of which he availed himself, *id.* at 98, 101, the notice of proposed removal was clear in providing detailed notice of the charge's specifications and did not rely on the status of the overpayment proceedings, *see id.* at 92-95. As such, we find that the agency's removal process did not violate the appellant's due process rights. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (providing that a tenured, public employee is entitled to prior notice and an opportunity to respond before being deprived of a property right in continued employment).

¶10   The appellant also argues that the agency violated his due process rights because it did not conduct any further investigation after it received the report from the Office of the Inspector General (OIG) but before the time it issued the notice of proposed removal. PFR File, Tab 1 at 12. Based on our review of the

---

*of Personnel Management*, 92 M.S.P.R. 527, ¶¶ 9-10 (2002). Regardless of whether the September 17, 2008 telephone call occurred and whether the appellant adequately reported his income during that telephone call, he nonetheless concedes that he made no attempt to report the salary increases he received on January 4, 2009, August 30, 2009, January 3, 2010, and August 29, 2010. PFR File, Tab 6 at 1. This further supports the administrative judge's finding regarding specification 1 that the appellant had not done enough to meet the reporting requirements. ID at 8-11.

[4] The ODAR Notice of Decision ultimately found the appellant to be responsible for a lesser amount of overpayment than what was detailed in the agency's notice of proposed removal. PFR File, Tab 7 at 9-11. Nonetheless, the Notice of Decision similarly concluded that the appellant failed to report his income on several occasions, resulting in an overpayment of SSI benefits. *Id.* at 10-12.

record, it appears the appellant raises this issue for the first time on review, and as such, the Board will not consider it absent any new or material information. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). Nonetheless, we note that the appellant's allegation is contrary to the record evidence. The OIG issued its report in October 2012, and the agency formally interviewed the appellant on January 31, 2013, prior to issuing the notice of proposed removal. I-5 AF, Tab 11 at 76-81, 88-91. Because the appellant's argument conflicts with record evidence, and he has not provided any new or material information, we find this claim provides no basis for disturbing the initial decision.

¶11     The appellant further asserts that the deciding official failed to act independently in the final decision to remove him. PFR File, Tab 1 at 13. This claim appears to be based on the deciding official's testimony that the decision to remove the appellant "wasn't just her decision" and that "she did her own investigation." *Id.*; ID at 14. The administrative judge considered this testimony but found no due process violation. ID at 14. He explained that the deciding official further testified that her "investigation" was merely reviewing the paper file, which consisted of the documentation reflecting the overpayments, and that any input she received was from the appellant's supervisor via the proposal letter (which the supervisor drafted) and human resources personnel confirming that removal was the standard penalty for this type of conduct. ID at 14.

¶12     Although an appellant's right to due process can extend to ex parte information provided to a deciding official, only ex parte communications that introduce new and material information to the deciding official constitute due process violations. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). Here, we find no evidence that the paper file reviewed by the deciding official contained any information other than the overpayment documentation with which the appellant was already familiar. Further, it would

be illogical to conclude that a review of the proposal notice provided any new and material information to which the appellant did not have an opportunity to respond, particularly considering that he did, in fact, respond to the notice. I-5 AF, Tab 11 at 99, 101. Finally, our reviewing court has held that a deciding official's contact with other agency employees to confirm or clarify information already in the record does not violate the appellant's due process rights. *Blank v. Department of the Army*, 247 F.3d 1225, 1229 (Fed. Cir. 2001). Here, the proposal notice stated that the appellant's penalty of removal was consistent with the penalty imposed upon other employees for similar offenses. I-5 AF, Tab 11 at 97. The deciding official testified that her contact with the human resources representative was to confirm the penalty of removal. I-5 AF, Tab 30, Hearing Compact Disc (testimony of the deciding official); ID at 14. Thus, pursuant to *Blank*, we find no due process violation.

¶13    We have considered the appellant's arguments on review but have concluded that a different outcome is not warranted. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.